# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| B&P COMPANY, INC., an Ohio Corporation, : | |
| Plaintiff, : | Case No.: 3:11-cv-276 |
| v. : | District Judge Thomas M. Rose |
| TLK FUSION ENTERTAINMENT, LLC, a California Corporation, JENNER COMMUNICATIONS, INC., a California Corporation, KRISTEN JENNER a.k.a. KRIS JENNER an individual, and DOES 1-100 : | Magistrate Judge Michael R. Merz |
| Defendants. : | |
| JENNER COMMUNICATIONS, INC. and KRIS JENNER, : | |
| Counterclaim Plaintiffs, : | **AGREED PROTECTIVE ORDER** |
| v. : | |
| B & P COMPANY, INC., : | |
| Counterclaim Defendant. : | |

Pursuant to agreement of counsel, and for good cause shown, the Court hereby **GRANTS** the Agreed Protective Order concerning the confidentiality of certain documents and information.

It is therefore,

**ORDERED**, that all proprietary documents and information produced in this case by all parties shall be protected from inappropriate disclosure in accordance with the following terms and conditions:

1. This Protective Order shall govern all proprietary and/or other documents and information produced by the parties and designated by them as "CONFIDENTIAL" and subject to this Order. The parties may, in good faith, designate discovery material that consists of or includes non-public information that would reasonably be subject to protection as "CONFIDENTIAL," including, but not limited to:

    (a) Non-public information and materials reflecting or relating to the parties;

    (b) Medical records and health information relating to the parties;

    (c) Any confidential and/or proprietary business or commercial information, including, but not limited to, documents and information considered to be trade secrets;

    (d) Any information entitled to protection under the Ohio Rules of Civil Procedure.

2. The parties shall designate material as "CONFIDENTIAL" by placing the following marking on the document in a manner which will not interfere with its legibility: "CONFIDENTIAL." Multi-page documents that are bound together need only be designated "CONFIDENTIAL" on the first page. Any "CONFIDENTIAL" designation that is inadvertently omitted during document production may be corrected by written notice to all counsel. Deposition testimony may be designated "CONFIDENTIAL" by an indication on the record at the deposition, or by written notice of the specific pages and lines of testimony within thirty (30) days after receipt of the transcript of the deposition, that the testimony is "CONFIDENTIAL" and subject to the provisions of this Order. Each party shall attach a copy of such written notice to all copies of the deposition transcript within that party's possession, custody, or control. If any party wishes to use "CONFIDENTIAL" documents or information in a deposition of the party producing it or of a person described in paragraph 4(e) below, then at the instance of the parties all persons except those authorized by this Order to receive "CONFIDENTIAL" documents and information shall be excused from the deposition during the time "CONFIDENTIAL" documents or information are being used or discussed.

3. This Protective Order shall apply to and govern all proprietary and/or other documents and information designated by the parties as "CONFIDENTIAL" (and all copies, excerpts, or summaries of those materials, and all information derived therefrom), whether or not such documents or information are informally produced or produced in response to a formal discovery request in this case.

4. All discovery material, including but not limited to materials designated as "CONFIDENTIAL," shall only be used for the sole and limited purpose of preparation for and trial of this action, B & P Company v. TLK Fusion Entertainment, LLC, et al. and shall not be used for any other purpose. Documents and information designated as "CONFIDENTIAL" pursuant to this Order may be disclosed only to the following persons: (a) this Court and any court to which an appeal in this action may lie; (b) counsel for the parties and counsel's support personnel whose functions require access to such "CONFIDENTIAL" materials; (c) court reporters and other persons engaged in preparing transcripts of testimony or hearings for this

action; (d) the parties in this action including officer representatives and/or insurance representatives for corporate parties; (e) the parties' consultants and experts retained for use in this action; and (f) other persons at trial of this action, as the Court may direct, subject to the protection of this Order. No "CONFIDENTIAL" material may be disclosed to persons identified in subparagraph (d) until these persons have reviewed this Order and either executed an Affidavit in the form attached to this Order and provided all counsel of record with a copy of said Affidavit or have agreed on the record at a deposition to be bound by its terms. No "CONFIDENTIAL" material may be disclosed to persons identified in subparagraph (e) until these persons have reviewed this Order and executed an Affidavit in the form attached to this Order. A copy of any Affidavit executed by any consultant or expert under subparagraph (e) who later is identified as a testifying expert witness in this case will be provided to all counsel of record at the time any such expert is disclosed in accordance with the deadlines for identifying expert witnesses established by the Court. A copy of any Affidavit executed by any consultant or expert under subparagraph (e) who is used as a non-testifying consultant or expert in this case will be made available to all counsel of record at the conclusion of this litigation. In the event that any additional persons or entities become parties to this litigation, no such additional party shall have access to any "CONFIDENTIAL" material until that party agrees to be bound by this Order and has executed and filed with this Court a copy of this Order, or as otherwise ordered by the Court.

     5.     Each person who reviews or inspects confidential documents or materials subject to this Order shall be brought within the personal jurisdiction of this Court, including its contempt power, by signing a copy of the attached affidavit signifying agreement to the provisions of this Order and consenting to the jurisdiction of this Court over his or her person for any proceedings involving alleged improper disclosure of said protected documents or materials. The original of each affidavit shall be provided to the parties immediately after each person is identified as a witness in this litigation or upon termination of this litigation, whichever occurs first.

     6.     Restrictions on the use or disclosure of "CONFIDENTIAL" documents and information as specified in this Order shall continue during any trial or hearing in this case. The use of "CONFIDENTIAL" documents or information as evidence at trial or hearing in this case shall be subject to such protection as the Court shall determine at the time.

     7.     Counsel for the parties shall maintain a list of the names of all persons, including all experts expected to testify at trial, who inspect or review "CONFIDENTIAL" documents and information or who receive any copies of such confidential documents, and shall make such a list available to parties at the conclusion of this litigation. The identification of a non-testifying consultant or expert on this list in no way operates as a waiver of any applicable privilege or work product claim.

     8.     If any party should conclude that particular documents or information should not be treated as "CONFIDENTIAL," then it may notify the parties in writing and state the basis for that conclusion. Within ten (10) days of its receipt of that notice, the parties shall notify the other party in writing whether it insists on the material being treated as "CONFIDENTIAL" as specified in this Order. If the parties are unable to reach agreement regarding the status of that material, then the parties shall continue to treat it as "CONFIDENTIAL" and to use it only in the

manner authorized by this Order unless and until this Court rules that it may be treated otherwise.

      9.      Within seven (7) days after the unappealed or unappealable final judgment in or settlement of this action, each party shall assemble all documents and materials (including copies) designated "CONFIDENTIAL" and all materials referring to "CONFIDENTIAL" documents or information, and return them to counsel of record for the party. Alternatively, upon a producing party's election, a party who has received documents and materials designated "CONFIDENTIAL" shall destroy them. If a receiving party is authorized to destroy documents and materials designated "CONFIDENTIAL" counsel for the receiving party shall certify in writing to producing party's counsel that the documents and materials designated "CONFIDENTIAL" have been destroyed. Neither the termination of this action nor the termination of employment of any person who had access to any "CONFIDENTIAL" discovery material shall relieve any person from the obligations of maintaining confidentiality and the restrictions on use of anything disclosed pursuant to this Order.

      10.      Nothing in this Order shall be deemed to impair the parties right to object to the production of documents or information on any ground, including but not limited to an objection that the documents or information sought are protected as work-product or under the attorney-client privilege, or to demand more stringent restrictions for the treatment or disclosure of any discovery material on the ground that it contains particularly sensitive information.

      11.      Violation by any person of any provision of this Protective Order shall be punishable as contempt of court. Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Order.

      12.      A party seeking to file "CONFIDENTIAL" material with the Court under seal may not do so until approval is obtained from the Court.

      (a)      In the event that counsel for any party determines to file with this Court any "CONFIDENTIAL" material or any papers containing or making reference to such material or information, that party shall seek timely approval from the Court to file "CONFIDENTIAL" material under seal.

      (b)      The party seeking to have the documents or information sealed will bear the burden of providing to the Court, the legal basis for filing the specific documents or information designated as confidential under seal, as well as the burden of providing to the Court, if necessary, copies of such documents for an in camera inspection.

      13.      In the event the Court orders a document filed under seal, the Parties will use the following procedure to file the "CONFIDENTIAL" material with the Court:

      To the extent that any documents filed with this Court, including portions of transcripts, exhibits, affidavits, briefs, memoranda, motions, answers to interrogatories, and responses to other discovery requests, include contents of any Protected Material, counsel filing such documents shall place them in a sealed

envelope or other appropriately sealed container that shall be marked as follows:

CONFIDENTIAL: PROTECTED BY COURT ORDER

By order of this Court, the information and data contained herein

Are protected against any use, disclosure, or display.

Such information may be opened only upon further direction of this Court. No "CONFIDENTIAL" material filed under seal shall be made available to the public or others except by further order of this Court in accordance with the terms of this Order. The original and all copies of any document filed under seal with this Court shall state in bold letters on the first page of the document that such documents is confidential and under seal. The Clerk of Court shall return, upon conclusion of this action, all "CONFIDENTIAL" material to the producing party.

14. In the event that any "CONFIDENTIAL" material is disclosed, through inadvertence of otherwise, to any person or party not authorized under this Protective Order, then the party who disclosed the "CONFIDENTIAL" material ("disclosing party") shall use its best efforts to bind such person to the terms of this Protective Order; and the disclosing party shall (a) promptly inform such person of all the provisions of this Protective Order; (b) identify such person immediately to the party or nonparty that designated the material as "CONFIDENTIAL;" and (c) request such person to sign an Affidavit in the form of Exhibit A. The executed Affidavit shall be promptly served upon the party or nonparty designating the material as "CONFIDENTIAL."

**IT IS SO ORDERED.**

August 17, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

Agreed:

| | |
|---|---|
| */s/ Toby K. Henderson* | */s/ Paul M. Monzione* |
| Toby K. Henderson (0071378) | Paul M. Monzione |
| Kathryn M. Mack (0085529) | Law Offices of Paul M. Monzione, P.C. |
| SEBALY SHILLITO + DYER, LPA | 2 South Main Street |
| 1900 Kettering Tower | P. O. Box 1478 |
| 40 North Main Street | Wolfeboro, NH 03894 |
| Dayton, OH 45423 | Phone:  (603) 569-9599 |
| Phone:  (937) 222-2500 | Fax:     (603) 569-0599 |

Fax:     (937) 222-6554
E-Mail:  thenderson@ssdlaw.com
*Attorneys for Plaintiff*

E-Mail: info@monzionelawoffices.com
*Attorney for Plaintiff*

*/s/ Susan D. Solle*
Thomas P. Whelley, II (0010493)
Susan D. Solle (0071269)
DINSMORE & SHOHL, LLP
1100 Courthouse Plaza, SW
10 N. Ludlow Street
Dayton, OH 45402
Phone:  (937) 449-2800
Fax:     (937) 449-2836
E-Mail: susan.solle@dinslaw.com
*Attorneys for Defendant TLK Fusion Entertainment*


*/s/ David C. Greer*
David C. Greer (0009090)
Carla J. Morman (0067062)
BIESER, GREER & LANDIS, LLP
400 PNC Center
6 N. Main Street
Dayton, OH 45404-1098
Ph:  (937) 223-3277
Fx:  (937) 223-6339
E-Mail:  dcg@bgllaw.com; cjm@bgllaw.com
*Attorneys for Jenner Communications, Inc.
and Kris Jenner*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| B&P COMPANY, INC., an Ohio Corporation, | : | |
| Plaintiff, | : | Case No.: 3:11-cv-276 |
| v. | : | |
| | : | District Judge Thomas M. Rose |
| TLK FUSION ENTERTAINMENT, LLC, a California Corporation, JENNER COMMUNICATIONS, INC., a California Corporation, KRISTEN JENNER a.k.a. KRIS JENNER an individual, and DOES 1-100 | : | Magistrate Judge Michael R. Merz |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |
| JENNER COMMUNICATIONS, INC. and KRIS JENNER, | : | |
| Counterclaim Plaintiffs, | : | **AFFIDAVIT** |
| v. | : | |
| B & P COMPANY, INC., | : | |
| Counterclaim Defendant. | : | |

**STATE OF OHIO**        )
                         ) **ss:**
**COUNTY OF MONTGOMERY**  )

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. Affiant's full name and current address is:

   _____
   _____
   _____

  2. Prior to reviewing or receiving any document and information designated by any party as confidential in the above-captioned action, I was provided with a copy of the Protective Order which I have read and fully understand. I agree to be bound by the terms of the Protective Order, and I consent to the exercise of and submit to the personal and continuing jurisdiction of the above-named court concerning the enforcement of the Order.

  3. I viewed or received the confidential information in my capacity as an (attorney, legal assistant, secretary, expert, other).

  4. I received access to this confidential information from: _____.

FURTHER AFFIANT SAYETH NAUGHT.

            _____
              [Name]

 Sworn to and subscribed in my presence by the said _____ this \_\_\_\_ day of _____, 2012.

            _____
            Notary Public